**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1797

TIGRESS SYDNEY ACUTE MCDANIEL,

Plaintiff - Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE CORPORATION; LIBERTY MUTUAL FIRE INSURANCE CORPORATION; MIB GROUP, INC.; LIBERTY MUTUAL EQUITY CORPORATION; LIBERTY MUTUAL EQUITY LLC; LIBERTY MUTUAL FOUNDATION; LIBERTY MUTUAL GROUP ASSET MANAGEMENT INC.; LIBERTY MUTUAL GROUP, INC.; LIBERTY MUTUAL HOLDING COMPANY, INC.; LIBERTY MUTUAL INVESTMENT ADVISORS LLC; LIBERTY MUTUAL MANAGED CARE LLC; LIBERTY MUTUAL MID-ATLANTIC INSURANCE COMPANY; LIBERTY MUTUAL PERSONAL INSURANCE COMPANY; LIBERTY MUTUAL MANAGED CARE, INC.,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Senior District Judge.  (3:21-cv-00610-FDW-SCR)

Submitted:  February 20, 2025                    Decided:  February 24, 2025

Before AGEE, HARRIS, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

2

Tigress Sydney Acute McDaniel, Appellant Pro Se. Alexandra J. Hirsch, FOX ROTHSCHILD LLP, Charlotte, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tigress Sydney Acute McDaniel appeals the district court's orders (a) dismissing, pursuant to Fed. R. Civ. P. 12(b)(6), McDaniel's claims against the named Defendants save for Defendant MIB Group, Inc. ("MIB"); and (b) granting MIB summary judgment on the two remaining Fair Credit Reporting Act claims. We have reviewed the record and find no reversible error.

Specifically, and in response to the issues raised in McDaniel's informal brief, our review of the record reveals nothing to support McDaniel's claim of judicial bias. To the extent that this contention is based on McDaniel's disagreement with the district court's substantive rulings in this and other civil actions, this is not a sufficient basis for such a claim. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Further, on this record, we agree with the district court that there was insufficient evidence to give rise to the rebuttable presumption of delivery of the dispute letter to MIB to allow McDaniel's claim under 15 U.S.C. § 1681i(a) to survive summary judgment. *Cf. Pond v. United States*, 69 F.4th 155, 162 (4th Cir. 2023) ("[P]roof of proper mailing—including by testimonial or circumstantial evidence—gives rise to a rebuttable presumption that the document was physically delivered to the addressee." (internal quotation marks omitted)).

Accordingly, we allow McDaniel's request to amend her informal briefs and exhibits in this court, and affirm the district court's orders. *See McDaniel v. Liberty Mut. Ins. Co.*, No. 3:21-cv-00610-FDW-SCR (W.D.N.C. Jan. 19, 2023; Aug. 2, 2024). We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*